RICHARD A. LANGSETH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Langseth v. Commissioner
Docket No. 19421-82
United States Tax Court
T.C. Memo 1983-576; 1983 Tax Ct. Memo LEXIS 213; 46 T.C.M. (CCH) 1420; T.C.M. (RIA) 83576; September 19, 1983. Richard A. Langseth, pro se. Cruz Saavedra and Ronald M. Rosen, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: This case exemplifies the self-imposed predicament in which numerous taxpayers have placed themselves in recent years. Unreasonable reliance on bad advice has resulted in determination of maximum tax liability, additions to tax, and liability for substantial *214 interest. Mr. Langseth has narrowly escaped a damage award against him for instituting a frivolous or groundless action, which, in future cases, may be imposed in an amount up to $5,000 under section 6673. [1]
Respondent determined deficiencies in and additions to Mr. Langseth's income taxes as follows: Year
Deficiency in
Additions to Tax
Ended
Income Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a)
1979
$5,055.22
$1,263.80
$252.76
$212.31
1980
4,927.72
1,231.93
246.39
315.37
Respondent's determination assumed single filing status; one exemption (no dependency exemptions); and no itemized deductions in excess of the statutory "zero bracket" amount. It is uncontroverted that Mr. Langseth did not file tax returns for either of the years in issue. At the time he filed his petition herein, Mr. Langseth was a resident of Costa Mesa, California. In that petition, he alleged, among other things, that he was not required to file a return or pay tax for 1979 or 1980; that he "did not *215 volunteer to self-assess himself for these years"; and that he did not have "gain" or "profit" in any taxable amount. He demanded a jury trial, which was denied. After the answer was filed, he moved for summary judgment on the ground that the answer did not conform to Rule 36(b); [2] this motion was denied. Thereafter, he filed a "Motion For More Definite Statement," which was similarly denied. The Court takes judicial notice of the fact that all of these filings by Mr. Langseth were virtually identical to petitions and motions filed by numerous other petitioners in the Southern California area. [3] Mr. Langseth's case and many others involving the identical filings by other petitioners were set for trial in Los Angeles, California, on July 11, 1983. Shortly prior to the call of the calendar on July 11, 1983, Mr. Langseth and others delivered to the trial clerk documents entitled "Notice Of Decision." In these virtually identical documents, the petitioners stated that they had improperly been denied a jury trial; that their motions had been *216 denied; that the Court's jurisdiction could be invoked only by "taxpayers" and that they were not taxpayers; that "THEREFORE, this action was commenced in error"; and that the action "is hereby dismissed." When Court convened, the Court advised the assembled parties that the "Notice Of Decision" documents contained many errors of law and that the effect would be that the petitioners were requesting that their cases be dismissed. The Court stated that if a case were dismissed, decision would be entered against the petitioner in the full amount of the deficiency and that any such petitioner would be foregoing any claims he or she had to dependency exemptions or itemized deductions such as mortgage interest. The Court further stated that if any petitioner wanted an opportunity to meet with respondent's counsel to discuss dependency exemptions or itemized deductions or anything else relating to the merits of the case, such petitioner's case would be set for trial later in the week to provide time for such a meeting. *217 When Mr. Langseth's case was called, he requested additional time to meet with respondent, and his case was set for trial at 9:00 a.m. on Thursday, July 14, 1983. On July 14, 1983, the parties reported that Mr. Langseth had met with representatives of respondent and had substantiated certain deductions for the year 1979 so that respondent was agreeable to reducing the amount of deficiency for that year. The meeting was terminated, however, when Mr. Langseth delivered to respondent's counsel a copy of the "Notice of Decision," and indicated that he did not wish to settle his case unless it was determined that he had no tax liability whatsoever. When the trial commenced, Mr. Langseth renewed his contention that he had no tax liability and declined to either meet further with respondent's counsel or to offer into evidence documents in his possession relating to itemized deductions for 1980. As to his advisor on how he was proceeding, Mr. Langseth identified "YHPA" and stated: "YHPA is Your Heritage Protection Association. It is a, quote, tax-protest group." He then filed the "Notice Of Decision," thereby indicating his consent to dismissal of this case. He did this despite the *218 Court's admonition that he bore the burden of proving his entitlement to deductions and despite the Court's offer to consider his evidence in regard to his right to additional deductions. A notice of deficiency is ordinarily presumed correct, and the taxpayer has the burden of proving that respondent's determination of his taxable income is erroneous. ; Rule 142(a). Petitioner here has been more than adequately warned of the consequences of his failure to present evidence. He has been clearly advised that his legal arguments are frivolous. See ; ; , affg. ; , affg. per curiam an unreported decision of this Court; . He has nevertheless refused to prosecute his case or to offer evidence in regard to it. Rules 123(b) and 149(b), provide: RULE *219 123. DEFAULT AND DISMISSAL * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149. FAILURE TO APPEAR OR TO ADDUCE EVIDENCE * * * (b) Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. * * * The petition is dismissed for petitioner's failure to properly prosecute or to present evidence pursuant to Rules 123 and 149. In the interest of justice, however, respondent has requested that decision be entered in the reduced deficiency for 1979 of $2,925, based upon substantiation of certain deductions during the meeting between *220 Mr. Langseth and respondent's agent. Respondent has further conceded that additions to tax for that year should be reduced to $8.97 under section 6653(a) and $44.87 under section 6651(a) and to zero under section 6654(a). As to 1979, therefore, decision will be entered in the reduced amount requested by respondent. As to 1980, decision will be entered in the full amount set forth in the notice of deficiency. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
3. E.g., Larry McBride, docket No. 18963-82; Roxie B. Hamner, docket No. 19558-82; Benjamin Harrison Sublett, docket No. 19629-82; Malette L. Kline, docket No. 19669-82; Larry Simms Vaughn, Docket No. 19782-82; Anthony V. Grubaugh, docket No. 19843-82; Stafford Lee Ross, docket No. 19834-82.↩